1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
8                                        AT SEATTLE

9

ANDREA MELISANDE ALTHEIMER,          )
10                                        )
              Petitioner,             )        CASE NO. C05-1580-RSM-MJB
11                                        )
         v.                           )
12                                        )
BELINDA STEWART,                     )        REPORT AND RECOMMENDATION
13                                        )
              Respondent.             )
14 _____)

15                    INTRODUCTION AND SUMMARY CONCLUSION

16          Petitioner is a state prisoner who is currently incarcerated at the Washington Corrections

17 Center for Women in Gig Harbor, Washington.  She seeks relief under 28 U.S.C. § 2254 from her

18 1998 King County Superior Court conviction.  Respondent has filed an answer to the petition

19 together with relevant portions of the state court record.  Respondent argues in her answer that the

20 petition is untimely.  Petitioner has filed a response to respondent's answer in which she argues that

21 she is entitled to equitable tolling of the statute of limitations.  Respondent, at the Court's direction,

22 filed a reply brief in which she addresses petitioner's equitable tolling argument.  The Court, having

23 reviewed the briefs of the parties, and the balance of the record, concludes that this action should be

24 dismissed as untimely under 28 U.S.C. § 2244(d).

25

REPORT AND RECOMMENDATION
26 PAGE - 1

1

PROCEDURAL HISTORY

2        On December 18, 1998, petitioner was convicted, following a jury trial, of one count of

3  attempted murder in the first degree, one count of attempted assault in the first degree, one count of

4  assault in the second degree, one count of unlawful imprisonment, and one count of unlawful

5  possession of a firearm in the second degree.  (Dkt. No. 17, Ex. 1 at 1.)  On January 29, 1999,

6  petitioner was sentenced to a total term of 480 months confinement.  (*Id*., Ex. 1 at 3.)

7        Petitioner appealed her judgment and sentence to the Court of Appeals of Washington,

8  Division One.  (*See id*., Ex. 3.)  On July 16, 2001, the Court of Appeals issued an unpublished

9  opinion affirming petitioner's conviction.  (*Id*., Ex. 2.)  Petitioner thereafter filed a motion for

10  reconsideration, which was denied on August 23, 2001.  (*Id*., Exs. 5 and 6.)  On October 15, 2001,

11  petitioner filed a petition for review in the Supreme Court of Washington.  (*Id*., Ex. 7.)  The

12  Supreme Court denied the petition for review without comment on May 1, 2002.  (*Id*., Ex. 8.)  The

13  Court of Appeals issued its mandate terminating direct review on May 10, 2002.  (*Id*., Ex. 9.)

14        On April 29, 2003, petitioner signed a motion for relief from judgment which she filed in the

15  King County Superior Court.  (*Id*., Exs. 10 and 11.)  The Superior Court transferred petitioner's

16  motion to the Court of Appeals on June 18, 2003, where it was treated as a personal restraint petition.

17  (*See id*., Exs. 13 and 16.)  On June 15, 2004, the Court of Appeals issued an order dismissing

18  petitioner's personal restraint petition.  (*Id*., Ex. 16.)  Petitioner thereafter filed a motion for

19  discretionary review in the Supreme Court of Washington, and that motion was denied on September

20  30, 2004.  (*Id*., Exs. 17 and 18.)

21        The Court received petitioner's original federal habeas petition for filing on September 15,

22  2005.  (Dkt. No. 1.)  Because of deficiencies in the petition, the Court declined to order it served on

23  respondent, but granted petitioner an opportunity to amend the petition to correct the deficiencies.

24

25

REPORT AND RECOMMENDATION

26  PAGE - 2

1  (Dkt. No. 4.)  Petitioner signed her amended petition on September 29, 2005, and it was received by

2  the Court for filing on October 6, 2005.  (Dkt. No. 7.)

3                                                DISCUSSION

4         On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

5  Penalty Act of 1996 (AEDPA) which worked substantial changes in the law of federal post

6  conviction relief.  One of those changes was to adopt a one year statute of limitations for § 2254

7  actions.  *See* 28 U.S.C. § 2244(d)(1) (1996).  The one year limitations period starts to run from the

8  date of the conclusion of direct review or "the expiration of the time for seeking such [direct]

9  review," whichever is longer.  *Id.*

10        In this case, the period for direct review ended, at the latest, upon the expiration of the period

11  for filing a petition for writ of certiorari with the United States Supreme Court.  *See Bowen v. Roe*

12  188 F.3d 1157, 1158-59 (9th Cir. 1999).  The Supreme Court of Washington denied petitioner's

13  petition for review on May 1, 2002.  Petitioner had 90 days after the entry of that ruling (as opposed

14  to the issuance of the state mandate), or until approximately July 30, 2002, to file a petition for a writ

15  of certiorari in the United States Supreme Court.  *See* Rules 13.1 and 13.3 of the Rules of the

16  Supreme Court of the United States.  Because petitioner did not file a petition for certiorari, her

17  conviction became final on or about July 30, 2002.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's one year

18  statute of limitations began to run on the following day.  *See Corjasso v. Ayers*, 278 F.3d 874, 877

19  (9th Cir. 2002).

20        The one year limitations period is tolled for any properly filed collateral state challenge to the

21  state conviction.  28 U.S.C. § 2244(d)(2).  Thus, the statute of limitations was tolled from April 29,

22  2003, the date petitioner signed her motion for relief from judgment, to September 30, 2004, the date

23  the Supreme Court denied petitioner's motion for discretionary review in her personal restraint

24  proceedings.  Between July 31, 2002, the date the statute of limitations began to run, and April 29,

25

26  REPORT AND RECOMMENDATION
    PAGE - 3

1    2003, 272 days ran on the statute of limitations.  The statute of limitations began to run again on

2    October 1, 2004, the day after petitioner's motion for discretionary review in her personal restraint

3    proceedings was denied by the Supreme Court, and expired 93 days later, on or about January 2,

4    2005.

5    The statute of limitations is also subject to equitable tolling.  *Miranda v. Castro*, 292 F.3d

6    1063, 1066 (9th Cir. 2002).  However, the Ninth Circuit has made clear that the statute of limitations

7    may be equitably tolled only if "extraordinary circumstances beyond a prisoner's control make it

8    impossible to file a petition on time."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing

9    *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)).  The Ninth Circuit has also made clear

10   that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger

11   equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda*, 292

12   F.3d at 1066 (citation omitted).  A petitioner bears the burden of showing that equitable tolling

13   should be applied.  *Id*. at 1065.

14   Petitioner argues in her response to respondent's answer that she is entitled to equitable

15   tolling of the limitations period because she has exercised due diligence in filing past pro se briefs

16   and because the instant petition, if deemed untimely, is untimely due to no fault of her own.

17   Specifically, petitioner asserts that WCCW law librarian Luan Vu, contract attorney Darrel Lahtinen,

18   and law professor Marc Lampson, all advised her that she had one year to file her federal habeas

19   petition after exhausting *all* of her state remedies, including her personal restraint petition.  Petitioner

20   asserts that this misinformation, provided by state contract employees, was the cause of her failure to

21   file a timely habeas petition and that this therefore constitutes one of those "rare cases" where

22   equitable tolling is appropriate.

23   Respondent, at this Court's direction, filed a reply brief in which she addresses petitioner's

24   equitable tolling argument.  Respondent argues that petitioner's reliance on erroneous advice from

25

26   REPORT AND RECOMMENDATION
     PAGE - 4

the WCCW law librarian, the WCCW contract attorney, and the law professor who taught a legal research class to inmates at WCCW, does not constitute an "extraordinary circumstance" entitling petitioner to equitable tolling.  In support of this argument, respondent cites to Ninth Circuit cases which have held that counsel's miscalculation of the AEDPA limitations period, and counsel's negligence in general, do not constitute "extraordinary circumstances" warranting equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

Respondent also cites to cases from other circuits which have held that a prisoner's ignorance of the law, and pro-se status, do not constitute extraordinary circumstances for purposes of equitable tolling.  *See, e.g., Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) ("pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post conviction proceedings are inadequate to warrant equitable tolling"); *Marsh v. Somares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither ignorance of the law nor delay caused by law clerks working through prison legal access system warrant equitable tolling).  *See also, Nunez v. Robert*, 2006 WL 181683 (S.D. Ill.) (Jan. 24, 2006) (neither inadequate knowledge of the law nor reliance on faulty advice provided by civilian paralegal and inmate law clerk amount to extraordinary circumstances warranting equitable tolling).

While petitioner argues that she relied to her detriment on the information provided by the law librarian at WCCW, and others, the evidence she provides in support of this argument suggests that she sought, and received, that misinformation after the statute of limitations had already expired. Petitioner's kite to Mr. Vu asking how long she had to prepare her federal habeas petition was dated August 2, 2005.  (Dkt. No. 23, Ex. 2.)  Petitioner's meeting with Mr. Lahtinen,  at which she apparently discussed the filing of a federal habeas petition, occurred on October 18, 2005, and Mr. Lahtinen's subsequent letter  containing the incorrect information was dated December 9, 2005.  (*Id.*,

REPORT AND RECOMMENDATION
PAGE - 5

Ex. 4a.)  It cannot be said that petitioner relied to her detriment on the misinformation provided by these individuals if, at the time she sought the information, she was already foreclosed from filing a federal habeas petition.

Even assuming petitioner could establish that she had timely sought this information, the fact that the information was incorrect does not entitle her to equitable tolling.  There is nothing in the record to suggest that the state, through its employees, actively hindered petitioner's ability to pursue her federal habeas action.  Had petitioner received the same incorrect information from her own counsel, she would not be entitled to equitable tolling.  *See Miranda, supra; Frye, supra*.  The fact that she received the incorrect information from individuals affiliated in some fashion with the state does not change the result.  Petitioner has not persuaded this Court that extraordinary circumstances beyond her control made it impossible for her to file her federal habeas petition on time.  Thus, petitioner has not demonstrated that she is entitled to equitable tolling of the statute of limitations.

Because the statute of limitations expired on or about January 2, 2005, and because petitioner did not sign her federal habeas petition until almost nine months later, on September 29, 2005, petitioner's federal habeas petition is untimely and the petition and this action should therefore be dismissed, with prejudice, under 28 U.S.C. § 2244(d).  A proposed order accompanies this Report and Recommendation.

DATED this 14th day of July, 2006.


MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6